UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBERT WESOLOWSKI,

                                  Plaintiff,

                                                                                              DECISION AND ORDER

                                                                                              02-CV-6320L

                      v.

DR. B. HARVEY,
SUPERINTENDENT MICHAEL MC GINNIS,

                                  Defendants.
_____

      Plaintiff Robert Wesolowsk ("Wesolowski"), commenced this action, *pro se,* against the Superintendent and a physician at Southport Correctional Facility. Wesolowski claims that he was denied his rights under the Eighth Amendment of the United States Constitution because he was subjected to cruel and unusual punishment based on the lack of dental care when he was incarcerated. Defendants have moved for summary judgment dismissing the complaint, on the grounds that Wesolowski has failed to state, and/or cannot meet his burden to demonstrate, his claims.

      In order to establish an Eighth Amendment claim for the denial of adequate medical care, Wesolowski must allege and prove that prison officials acted with deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). It is well settled that a prisoner's "complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. Rather, the conduct at issue must be so egregious as to be "repugnant to the conscience of mankind." *Id.* at 102.

In the same vein, an inmate's "mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Chance v. Armstrong*, 143 F.33d 698, 703 (2d Cir. 1998). *See also Reyes v. Ellen Gardener*, 93 Fed. Appx. 283, 285 (2d Cir. 2004). Rather, the claim requires allegations and proof of conduct that is "repugnant to the conscience of mankind," or 'incompatible with the evolving standards of decency that mark the progress of a maturing society." *Estelle*, 429 U.S. 97 at 105-106, 106 n. 14.

Wesolowski's allegations fail to state a deliberate indifference claim. Wesolowki's claim is based solely upon his disagreement with his dental care provider's treatment plan, and an alleged seven-month delay between his initial request for dental treatment, and his first appointment with Dr. Harvey.

Although Wesolowski complains that he first requested dental treatment on October 1, 2001, and that he was not examined by a dentist until April 11, 2002, he fails to allege any factual basis whereby that delay can be attributed to one or more of the defendants. In fact, it is undisputed that plaintiff was not incarcerated at Southport Correctional Facility, where both defendants are employed, until April 2002 (Dkt. #54 at ¶3) – thus, any prior complaints would have been made at a different institution and to different persons, who are not parties to this action.

Concerning plaintiff's claim of inadequate medical care, Dr. Harvey alleges that he treated plaintiff's dental complaints for two months with prescription medications, sedative fillings, x-ray examinations, and teeth cleaning. Wesolowki, however, alleges that his medical records have been fraudulently altered in order to make mention of additional potential treatments, when in actuality he was offered only painkillers, with the option of immediate tooth extraction of the three affected teeth, or fillings. Wesolowski contends he was told by Dr. Harvey that if he opted for fillings, he would have to wait longer than if he chose total tooth extraction. Wesolowski believes that tooth extraction was an "extreme' and unacceptable option to treat him, and that the projected delay for

Case 6:02-cv-06320-DGL-JWF   Document 67   Filed 03/31/11   Page 3 of 4

fillings was calculated to retaliate against him for rejecting the option of extraction, and/or for his in-house complaints about his dental treatment.

Again, an inmate's mere disagreement with his treatment plan is insufficient to state or establish an Eighth Amendment claim of inadequate medical treatment. Assuming *arguendo* that the medical records offered by Wesolowski, which reflect treatment with painkillers, are the true and accurate ones, and that the version submitted by defendants was altered or appended as Wesolowski alleges, neither party's description of the treatment options offered to Wesolowski provides evidence sufficient for a finder of fact to conclude that the dental treatment options offered to Wesolowski were inadequate, ineffective or inappropriate. "A court should not sit as a medical board of review. Where the dispute concerns not the absence of help, but . . . evidences mere disagreement with considered medical judgment, we will not second guess the doctors." *Williams v. M.C.C. Institution*, 1999 U.S. Dist. LEXIS 3871 at *22 (S.D.N.Y. 1996) (internal quotations omitted). At most, Wesolowki alleges that Dr. Harvey committed malpractice by offering limited or marginally delayed treatment options to plaintiff, which does not implicate the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 105-107 (1976) (an inmate's "complaint that a physician has been negligent in diagnosing or treating a medical condition does not become a constitutional violation merely because the victim is a prisoner").

On the facts alleged and evidence submitted by Wesolowski, no reasonable finder of fact could conclude that Dr. Harvey exhibited deliberate indifference toward Wesolowski's serious medical needs in his provision of dental treatment. Accordingly, defendants' motion for summary judgment on Wesolowski's claim against Dr. Harvey is granted.

Wesolowski has similarly failed to allege or prove that Superintendent McGinnis is liable for the alleged failure to train or supervise Dr. Harvey. In order to establish such a claim, Wesolowski must plead and prove that McGinnis was personally involved in a constitutional violation. Personal involvement requires that: (1) the defendant participated directly in the constitutional violation; (2) the defendant was informed of the violation, but failed to remedy the

wrong; (3) the defendant created or permitted a policy or custom under which unconstitutional practices occurred; (4) the defendant was grossly negligent in supervising subordinates who committed unconstitutional acts; and/or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on evidence that unconstitutional acts were occurring. *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995); *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994).

Wesolowki's claim against McGinnis fails because, as discussed above, there was no underlying constitutional violation that McGinnis ignored, was informed of, created, permitted or toward which he could have been deliberately indifferent. *See generally Campo v. Keane*, 913 F. Supp. 814, 826 (S.D.N.Y. 1996) (plaintiff cannot state a claim for personal involvement in a constitutional violation, where no underlying constitutional violation occurred).

Accordingly, Wesolowski's claims against McGinnis must be dismissed.

## CONCLUSION

Defendants' motion to dismiss (Dkt. #53) is granted in its entirety, and the complaint is dismissed with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 31, 2011.